HOMER S. JOHNSON AND CHARLES B. JOHNSON, EXECUTORS, ESTATE OF STEPHEN O. JOHNSON, PETITIONERS, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket No. 9550.   Promulgated April 12, 1928.

Hinton E. Spalding, Esq., for the petitioners.
R. E. Copes, Esq., and J. F. Greaney, Esq., for the respondent.

536

538

OPINION.

Love: The petitioners contend that the value of the common stock of the Penberthy Injector Co., of Detroit, as of the date of decedent's death, was $117 per share. The Commissioner, on the other hand, insists that the value of the stock in question had at the time of decedent's death a value of $285 per share.

The stock of the corporation here in question was closely held and we are, therefore, not able to value it upon the basis of sales in the open market. We must, then, look to and be guided by the facts as disclosed by the record in arriving at a fair market value.

The evidence shows that since its organization, with the exception of the year 1921, the corporation prospered. But it must be observed that by its very nature the business was subject to more than usual business hazards. It had been the experience of the corporation that the business success of any specialty, upon which large amounts had been expended in development, was at best problematical and contingent upon many economic factors. A device or specialty, after extensive development, might be valuable one day and shortly thereafter, having been superseded by an improved device, worthless. Thus the earning power of the corporation, contingent as it is upon many variable economic factors, can not be said to possess normal stability.

In view of all of the evidence, we are of the opinion that the common stock of the Penberthy Injector Co. would not sell on the open market for more than $160 per share and, accordingly, we find that amount to be its value as of the date of decedent's death.

In determining the deficiency herein, the Commissioner included in the gross estate the value of the securities comprising the trusts of October 11, 1918, and October 18, 1921, on the theory that the transfers were intended to take effect in possession or enjoyment at or after the decedent's death.

Assuming, for the purpose of this opinion only, that the transfers were so made, the Board is of the opinion that the Commissioner erred in including the value of the securities in the gross estate.

Section 402 (c) of Title IV of the Revenue Act of 1918 was repealed by section 1400 (a) of the Revenue Act of 1921 as of the date of its passage, to wit, November 23, 1921. It is evident, therefore, that the transfers here in question were made before the effective date of section 402 (c) of the Revenue Act of 1921 under the provisions of which the Commissioner has included the value of the securi-

ties comprising the trusts in the decedent's gross estate. We stated in *James Duggan, Executor*, 8 B. T. A. 482, that:

Section 402 (c) of the Revenue Act of 1921 is identical with section 402 (c) of the Revenue Act of 1918, which the Supreme Court has held, in so far as it requires that there shall be included in the gross estate the value of property transferred by a decedent prior to its passage merely because the conveyance was intended to take effect in possession or enjoyment at or after his death, is arbitrary, capricious, and amounts to confiscation, and to such extent is unconstitutional. We can see no reason for reaching a different conclusion with respect to the 1921 Act from that which was reached with respect to the 1918 Act. Furthermore, we think that the transfer herein involved is of the character of that referred to by the Supreme Court in *Nichols* v. *Coolidge* [274 U. S. 531].

The Board is of the opinion, therefore, that the Commissioner's action taken with respect to the transfers here in question was erroneous, and upon the above-quoted authority, it is reversed.

*Judgment will be entered on 15 days' notice, under Rule 50.*